**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DONNA SMITH,**

        Plaintiff,

vs.                                                                Civ. No. 02-905 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed February 5, 2003. Docket No.10. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and will be granted.

**I.  PROCEDURAL RECORD**

Plaintiff, Donna Smith, filed an application for benefits on June 23, 1999 alleging a disability since October 30, 1998, due to mood swings, nausea, dizziness, depression and pain in the back, muscles and stomach. Tr. 20, 113 and 569. Thus, the relevant time frame is from October 30, 1998 through March 18, 2002, the date the Administrative Law Judge ("ALJ") issues his decision. Her application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on January 23, 2002. At the hearing, the Plaintiff was represented by an attorney. On March 18, 2002, the ALJ made the following conclusions according

to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993):  the claimant has not engaged in post-onset substantial gainful activity; the claimant has an impairment or combination of impairments considered "severe;" the claimant's impairments do not meet or equal a listed impairment; the claimant's allegations regarding her limitations are not totally credible; the claimant has a residual functional capacity for simple, unskilled work at the light exertional level; the claimant is not able to perform her past relevant work;  the Medical-Vocational Rules 202.14 and 202.21, Appendix 2, Subpart P, Regulations No. 4 ("Grids") direct a finding of "not disabled;" the claimant's capacity for light work is substantially intact and has not been compromised by any non-exertional limitations; alcoholism and drug abuse is a contributing factor material to the determination of disability in this case; and the claimant is not under a "disability," as defined in the Social Security Act, at any time through the date of the decision.  Tr. 18-26.

The ALJ entered his decision on March 18, 2002.  Thereafter, the Plaintiff filed a request for review.  On June 7, 2002, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr. 7.  The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on December 31, 2002 .

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting

Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff is fifty (50) years old. She has a GED and completed 1½ years of college. In 1989, she completed a certified nursing assistant class. She has worked as a nursing assistant and home health aide. Tr. 182.

Plaintiff has a history of being abused and has received extensive psychiatric treatment, both in-patient and out-patient. Tr. 384-402 and 495-497. Prior to moving to New Mexico, Plaintiff was treated by the Mountain Home Medical Group in Mountain Home, Arkansas. The records show she had a long history of psychiatric disorders including addiction and dependency on prescription medications and alcohol. Tr. 186-195-198. In June of 1999, she was diagnosed with agoraphobia, panic disorder, anxiety and depression. Tr. 186. She was admitted to a hospital in October 14, 1999 after a suicide attempt by overdosing on prescription medication. Tr. 195-98.

In March of 2000, Plaintiff moved to New Mexico and began treatment at Border Area Mental Health in Silver City, New Mexico. Tr. 407-15. On March 2, 2000, Plaintiff was seen by Dr. Alan Berkowitz at the Gila Regional Medical Center. He diagnosed her with bipolar disorder, alcohol dependence and polysubstance abuse. Tr. 227-28. Dr. Berkowitz noted that in the last two years Plaintiff had been hospitalized on six occasions for psychiatric reasons including suicide attempts. *Id*. On admission, her Global Assessment of Functioning Scale ("GAF") was rated at 25, indicating an inability to function in almost all areas. Diagnostic and Statistical Manual of Mental Disorders, American Psychiatric Association (4th ed. 1994).  She was hospitalized until March 7, 2000.

In April of 2000 the Plaintiff was placed in a transitional living unit. The Plaintiff also went to a day facility, New Beginnings, where she was taught life skills. Both programs required abstinence from drugs and alcohol. She abstained until May of 2000. Tr. 352.

On May 26, 2000, Plaintiff was taken to Turquoise Lodge for gradual Valium taper. Tr. 336, 495-97. In August of 2000, she again relapsed. In November of 2000, Plaintiff was noted to have stopped drinking alcohol. Tr. 276. The record shows that she maintained sobriety through June of 2001. Tr. 283, 276, 254, 247 and 242.

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred: 1) in his analysis concerning the Listings of Impairments; 2) in his credibility findings; and 3) in his assessment of the Plaintiff's residual functional capacity ("RFC").

<u>Listings of Impairments</u>.

The ALJ found that Plaintiff has the following severe impairments: a birth defect of the spine, a bipolar disorder, depression, a generalized anxiety disorder, a panic disorder, and abuses drugs and alcohol. Tr. 21. When, as in the instant case, there is evidence of a mental impairments which allegedly prevent the Plaintiff from working, the ALJ must follow a specific procedure for evaluating mental impairments set forth in the applicable regulation and listing of impairments and document the procedure accordingly. 20 C.F.R. §404.1520a; *see also* <u>Cruse v. U.S. Dept. of Health & Hum. Serv</u>. 49 F.3d 614, 616 (10th Cir. 1995). This procedure first requires the ALJ to initially determine the presence or absence of certain medical findings pertaining to the Plaintiff's ability to work, sometimes referred to as "Part A" criteria. The ALJ must then evaluate the degree of functional loss resulting from the impairment, using "Part B" criteria. In addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects. *See* <u>Chifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996)(*citing* <u>Zblewski v. Schweiker</u>, 732 F.3d 75, 79 (7th Cir. 1984)("a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position.").

The ALJ's analysis did not follow the required procedure. The ALJ discussed three listings in his opinion: 12.04 , Affective Disorders, 12.06, Anxiety Related Disorders and the prior 12.09,

5

Alcoholism and Drug Abuse.[1]  His finding regarding the "A" Criteria for 12.04 and 12.06 was:

> "Even if she were to meet Part A criteria under these listing sections, she does not have "marked" or greater limitations under the Part B criteria."

Tr. 21.

There was no analysis, as required, of the Part "A" criteria under these two listings. Kepler v. Chater, 68 F.3d 387, 391(10th Cir. 1995) (*quoting* Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988)("It is well settled that administrative agencies must give reasons for their decisions.")  Regarding Listing 12.09, the ALJ found:

> "I find that the claimant may well have met the criteria under Listing Section 12.09 for alcoholism and drug abuse during part of the time period in question."

Tr. 22.

All of the psychological Listings, including 12.04, 12.06, 12.09, require the same level of severity under the "B" criteria.  Thus, the ALJ's findings that Plaintiff met the "A" criteria of two psychological listings but not the "B" criteria and met all the criteria for another psychological listing, Alcoholism and Drug Abuse, is inconsistent.

Credibility finding.

The ALJ also erred in his credibility analysis.  In the findings section of his decision, the ALJ stated at number 5 that "the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision."  Tr. 27.  However, in the body of the decision, the ALJ did not give any reasons.   Social Security Ruling 96-7p states it is not sufficient to make a single conclusory statement that "the individual's allegations have been

---

[1] Pursuant to Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 847, payment of disability benefits is foreclosed "if alcoholism or drug addiction would...be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §423(d)(2)(C).

considered" or that "the allegations are not credible." "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988).

Plaintiff's Residual Functional Capacity.

*Applying the Grids.*

Again, the ALJ's findings are inconsistent. The ALJ found at step two that the Plaintiff had severe mental impairments. A finding at step two that an impairment is severe means that the impairment "significantly limits [her] ability to do basic work activities, i.e., 'the abilities and aptitudes necessary to do most jobs.'" Williams v. Bowen, 844 F.2d 748, 752 (10th Cir. 1988). At step five, the grids cannot be applied conclusively if a Plaintiff, as in this case, has nonexertional limitations that significantly limits her "ability to perform the full range of work in a particular RFC" category on a sustained basis. Teter v. Hecker, 775 F.2d 1104, 1105 (10th Cir. 1985). The ALJ states that he used the Grids only as a framework. However, the ALJ's conclusion that "there are jobs, existing in significant numbers in the national economy, which the claimant is able to perform" is not supported by a vocational expert's testimony or any other source. There is no basis in the decision for the ALJ's finding other than the Grids.

*Materiality of Drug Abuse and Alcoholism.*

Finally, the ALJ erred in his finding that Plaintiff's alcoholism was a "contributing factor material to the determination of disability in this case." Tr. 28. In 1996, the Social Security Act was amended. *See* Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 847. As discussed previously, the amendments which pertain to this action foreclose payment of disability benefits "if alcoholism or drug addiction would...be a contributing factor material to the

7

Commissioner's determination that the individual is disabled." 42 U.S.C. §423(d)(2)(C). A "condition precedent" to this finding is a determination that the Plaintiff is disabled. <u>Drapeau v. Massanari</u>, 255 F.3d 1211 (10th Cir. 2001)("The ALJ cannot begin to apply §423(d)(2)(C) properly when, as here, he has not yet made a finding of disability.') .

Because the errors noted above require a remand, the Court needs not address Plaintiff's remaining arguments.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is GRANTED for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**